UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Robert E. Jakovich,** | ) | **CASE NO. 1:05 CV 2126** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Hill, Stonestreet & Co., et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon defendants' Motion to Dismiss Count One of the Complaint (Doc. 7) and defendants Simon and Stasuk's Motion for More Definite Statement (Doc. 8). For the following reasons, both motions are DENIED.

### Facts

Plaintiff, Robert E. Jakovitch, filed this Complaint against defendants, Hill, Stonestreet & Co. (hereafter, Hill Stonestreet), James Simon (hereafter, Simon) and William Staskus (hereafter, Staskus) (collectively hereafter, defendants), in the Cuyahoga County Court of Common Pleas. The matter was thereafter removed to this Court by defendants on

the basis of diversity jurisdiction.

The Complaint alleges the following.  Plaintiff is a certified public accountant.  Hill Stonestreet is a professional corporation and Simon and Staskus are accountants.  In 2002, plaintiff entered into an agreement with defendants whereby plaintiff agreed to sell his Ohio accounting practice to defendants. As part of the agreement, defendants agreed to specific terms relating to plaintiff's compensation through 2008.  Subsequently, the parties agreed to extend the payment obligations through 2010.  Defendants thereafter failed to compensate plaintiff according to the terms of the agreement.

The Complaint sets forth three claims.  Count One alleges breach of contract.  Count Two alleges unjust enrichment.  Count Three alleges promissory estoppel.

This matter is now before the Court upon defendants' Motion to Dismiss Count One of the Complaint and defendants Simon and Stasuk's Motion for More Definite Statement.

 **(1) Motion to Dismiss Count One**

**Standard of Review**

When considering a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of plaintiff.  *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687 (6th Cir. 1999).  The complaint is only to be dismissed if the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson,* 355 U.S. 41 (1957), *Hammond v. Baldwin,* 866 F.2d 172 (6th Cir. 1989).   However, the complaint must set forth "more than the bare assertion of legal conclusions. *In Re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993); *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434,

436 (6th Cir. 1988).

### Discussion

Defendants argue that the Ohio Statute of Frauds, Ohio Revised Code § 1335.05, bars plaintiff from asserting a breach of written contract claim based on the agreement attached to the Complaint. Plaintiff submits Exhibit A as the agreement between the parties. This document is entirely typewritten, except for a small undecipherable handwritten notation. While not titled, the document leads off with the word "Robert Jakovich" with "2003 Compensation" directly below that. The remainder of the document consists of three paragraphs. The first paragraph is entitled "Compensation without regard to hours worked" and states:

> Deferred compensation is equal to 20% of collections for five years starting with the January 2003 work billed subsequent to January 2003. 20% will be paid monthly and charged against deferred compensation of $125,000 set up in 2002 until exhausted. Any remainder amount will be considered payment for assets and taxable compensation until December 31, 2007.

The second paragraph is entitled "Compensation based on hours worked and billable time" and states:

> Compensation for hours worked will be paid at a straight hourly rate of $30 per hour, capped at 40% of collectible amounts for the work performed. A timesheet is required.

The third paragraph is untitled and states:

> Mary Ann Jakovich will be paid an hourly rate of $8.00 per hour for assembly of returns, scanning of material, and general office work. This does not include scheduling of appointments.

The document contains no signatures and does not mention any of defendants' names.

(Compl. Ex. A).

Ohio's Statute of Frauds states in pertinent part,

**1335.05 Certain agreements to be in writing**

No action shall be brought whereby to charge the defendant ... upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

Defendants assert that because the agreement was allegedly entered into in 2002, ran through 2008 and later extended through 2010, it was incapable of being performed within one year of its making.  Because, defendants argue, the agreement was clearly not signed by the party to be charged (or any party), the Statute of Frauds bars the breach of contract claim asserted in Count One.  Accordingly, defendants contend that if plaintiff wishes to proceed with a breach of contract claim, he must do so on the basis of an oral contract.

Plaintiff argues that the agreement at issue had the potential of being completed within one year of its formation and, therefore, the Statute of Frauds is inapplicable.

Ohio courts recognize, "A promise unlikely to be performed within a year which is, in fact, not performed within a year, is still not within the Statute of Frauds if at the time of making there is a possibility that it can be entirely performed as the parties intended within a year." *Weiper v. W.A. Hill & Assoc.*, 104 Ohio App.3d 250, 264 (1st App. Dist 1995) (citing *Bryan v. Looker*, 94 Ohio App.3d 228, 234 (1994) (other citations omitted).  "Courts have construed this principle liberally to render contracts enforceable." *Id.*  (citing Restatement of the Law 2d, Contracts, Section 130, Comment a.).  "Simply put, if an agreement may be terminated or completed within a year upon the happening of some contingency, it is not covered by the Statute of Frauds." *Lightbody v. Rust,* 2003 WL 21710601 (Ohio 8th App.

4

Dist. July 24, 2003) (citations omitted). Finally, "where the time of payment under the agreement is indefinite or dependent upon a contingency which may happen within one year, the agreement does not fall within the 'not to be performed within one year' provision of R.C. 1335.05.' " *Id.*

Plaintiff reasons that, pursuant to the agreement, he agreed to sell his accounting practice to defendants for consideration of compensation. As part of the agreement, plaintiff was to be employed with defendants while accounting services rendered to plaintiff's former clients were transitioned to defendants' accounting practice. Additionally, plaintiff was to receive a percentage of the work billed by defendants to plaintiff's former clients. At the time the agreement was formed, plaintiff posits, there was the potential that the employment relationship between defendants and plaintiff would be terminated within one year or that there would be no work to be billed within one year.

Defendants did not file a reply brief and so, presumably, agree that the agreement had the possibility that it could be entirely performed as the parties intended within a year. Inasmuch as this Court is constrained to liberally construe the principle of possible performance within a year in order to render contracts enforceable, this Court declines to dismiss Count One on the basis of the Statute of Frauds.

For the foregoing reasons, defendants' Motion to Dismiss Count One of the Complaint is denied.

**(2) Motion for More Definite Statement**

**Standard of Review**

Federal Rule of Civil Procedure 12(e) provides:

> **(e) Motion for More Definite Statement**. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Courts in this district have recognized the hurdle in granting such a motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only 'notice pleading.' A complaint need only provide 'short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2). Thus, to satisfy the pleading requirements a claimant need only give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Moreover, courts disfavor motions for more definite statements. *Innovative Digital Equip., Inc. v. Quantum Tech., Inc.*, 597 F.Supp. 983, 989 (N.D.Ohio 1984). A motion for a more definite statement should not be used as a substitute for discovery. *Id.* Hence, a motion for more definite statement 'is designed to strike at unintelligibility rather than simple want of detail.... [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail.' *Scarbrough v. R-Way Furniture Co.*, 105 F.R.D. 90, 91 (E.D.Wis.1985).

*Schwable v. Coates*, 2005 WL 2002360, *1 (N.D.Ohio August 18, 2005). *See also Sky Technologies Partners, LLC v. Midwest Research Institute*, 125 F.Supp.2d 286, 298 (S.D. Ohio 2000) (A "motion for more definite statement is granted only when the pleading is so vague that it is unreasonable to expect that a responsive pleading may or can be framed.")

### Discussion

Defendants, Simon and Stasuk, ask that plaintiff more definitely state the claims against them so that they can respond to the assertion that each is individually liable. In particular, these defendants state that they are shareholders of Hill Stonestreet. As such, they seek to determine whether they are being sued under the theory that (1) each individually contracted with plaintiff, was unjustly enriched and promised plaintiff compensation or (2)

6

each acted so as to pierce the corporate veil of Hill Stonestreet.

Plaintiff briefly responds, asserting that the Complaint contains no allegations of piercing the corporate veil but that these defendants are being sued under the theory that they individually contracted with plaintiff.  The Complaint alleges, "plaintiff entered into an agreement with defendants."  (Compl. ¶ 4).

Defendants did not reply, apparently satisfied that the Complaint does not seek to pierce the corporate veil but does allege that Simon and Stasuk individually contracted with plaintiff.

Accordingly, defendants Simon and Stasuk's Motion for More Definite Statement is denied.

**Conclusion**

For the foregoing reasons, defendants' Motion to Dismiss Count One of the Complaint and defendants Simon and Stasuk's Motion for More Definite Statement are denied.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/28/05